[Cite as *State v. Patton*, 2013-Ohio-3158.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120718 |
| | | TRIAL NO.  B-1105144 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| RALPH PATTON, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  July 19, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Hal Arenstein*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant the state of Ohio appeals the trial court's judgment suppressing evidence from inside the home of defendant-appellee Ralph Patton following the execution of a search warrant. Because the affidavit supporting the warrant provided sufficient probable cause to search the home and did not include any observations made by the officer during an allegedly illegal protective sweep of the home, we reverse the trial court's judgment and remand this case for further proceedings.

{¶2} Patton was indicted on single counts of illegal cultivation of marijuana, possession of marijuana, and trafficking in marijuana. He subsequently moved to suppress all the evidence that stemmed from the search of his home.

{¶3} At the hearing on the motion to suppress, police testified that they had received an anonymous telephone call from one of Patton's neighbors, informing them that marijuana was being grown in the backyard of Patton's home and that it was visible from the street. The police went to the backyard without going onto the premises. They drove down a service drive, where they could see stalks of marijuana growing above a fence in the backyard. They could also smell an odor emanating from the marijuana.

{¶4} They knocked on the front door of the home, but no one answered. They then set up a perimeter around the house. They held the house under surveillance while one officer went to prepare an affidavit for a search warrant.

{¶5} While they were getting the search warrant, a vehicle pulled into the rear of the house. A man exited from the vehicle and went into the house. The police then went to the front door and rang the doorbell. A man answered the door. Police patted the man down, placed him in handcuffs, and detained him for

questioning. During questioning, the man, later identified as Anthony Patton, said he was there to pick up his nephew and take him to school the next day, and that there was no one else in the home. The police then conducted a protective sweep of the home to make sure that no one else was in the home.

{¶6} The state's witnesses testified that three officers entered the home to see if other persons were present in the home. When officers did not find anyone, they came out of the home. During the protective sweep, one of the police officers saw two bags of marijuana on top of a dryer in the basement of the home. Defendant's witness, Anthony Patton, testified that eight officers went in, were there about 2o minutes, and then came out. The police then waited outside until they secured a search warrant for the premises. When they subsequently searched the home, the police seized the two bags of marijuana on the dryer in the basement.

{¶7} The trial court granted Patton's motion to suppress the evidence seized inside his home. The trial court found that the police officers' protective sweep of Patton's home was not justified under *Maryland v. Buie*, 494 U.S. 325, 334, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). The court further held that because "law enforcement [had] used information gained from the unlawful intrusion to support the affidavit for a search warrant and the actual issuance of a search warrant," the warrant was not valid.

{¶8} In its sole assignment of error, the state argues that the trial court erred in suppressing the evidence recovered during the search of the interior of Patton's home.

{¶9} We employ a two part analysis when reviewing a trial court's ruling on a motion to suppress. First, we review the historical facts found by the trial court for clear error and give due weight to the inferences drawn from those facts by the trial court.

3

*Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996). Second, we must independently decide whether the facts meet the applicable legal standard. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71.

{¶10} The state argues that because the affidavit for the search warrant was supported by facts, independent of the protective sweep, which would have provided sufficient probable cause to search Patton's home, the trial court erred in suppressing the evidence seized inside Patton's home on the basis of the illegal protective search. We agree.

{¶11} Here, the police testified that they had made the decision to seek a search warrant and that they were actively working on securing the warrant prior to entering Patton's home. While an officer testified that he had seen two bags of marijuana on the dryer in the basement during the protective sweep of the home, the affidavit supporting the search warrant did not mention this information. Rather, the affidavit provided only the following facts:

> On August 4, 2011 at approximately 2036 hours officers received an anonymous tip that the home owner at 6835 Savannah Ave. had marijuana plants growing in the rear yard. The caller stated that the plants were contained in the rear fenced in yard and behind a separate fenced in area and the plants were visibly growing over the top of the fence. The officers responded to the residence and were able to see the marijuana plants protruding above a 6ft privacy fence, from the driveway. Officers then walked through a rear alley behind the house and were able [to] smell the odor of raw marijuana. While in the

4

alley officers were able to have a closer look at the plants and determined that there were 20-30 7 ft marijuana plants growing in the yard. While onsece [sic] a male entered the yard and entered the house through a basement door. The male was taken from the residence and a protective sweep of the residence was conducted, no other persons were present. While officers were still present the resident was taken into custody and charged with illegal cultivation for the plants which were in plain view.

{¶12} As is plain from the face of the affidavit, none of the information gained from the protective sweep of Patton's home was included in the affidavit for the search warrant. Thus, the trial court erred as a matter of law in concluding that the affidavit for the search warrant had included tainted information which affected the municipal court's decision to issue the warrant. *See State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 16-17; *see also Murray v. United States*, 487 U.S. 533, 541, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).

{¶13} Moreover, we agree with the state that the anonymous tip, the officer's visual confirmation of 20-30 seven-foot-tall marijuana plants growing in the rear yard of the home, and the smell of marijuana provided sufficient probable cause for the municipal court to issue the warrant to search Patton's home. *See State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989). We, therefore, sustain the state's sole assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings in the trial court.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.

